# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
        **Plaintiff,**

   **v.**                                     **Case No. 07-CR-123**

**ROBERT HAMPTON**
        **Defendant.**

---

## SENTENCING MEMORANDUM

### I.

Defendant Robert Hampton pleaded guilty to conspiracy to distribute five kilograms or more of cocaine, contrary to 21 U.S.C. §§ 841(a)(1), (b)(1)(A) & 846. The parties agreed that the offense involved 50-150 kilograms of cocaine, producing a base offense level of 36 under U.S.S.G. § 2D1.1(c)(2). The parties further agreed that defendant qualified for a 2 level reduction under the safety valve provision, § 2D1.1(b)(11), and 3 level reduction for acceptance of responsibility, § 3E1.1. I found these calculations correct and, coupled with defendant's criminal history category of I, adopted an imprisonment range of 108-135 months under the advisory sentencing guidelines.

### II.

In order to determine the ultimate sentence, I considered the factors set forth in 18 U.S.C. § 3553(a):

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)    the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    the advisory guideline range;

(5)    any pertinent policy statements issued by the Sentencing Commission;

(6)    the need to avoid unwarranted sentence disparities; and

(7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Section 3553(a) requires the court, after considering these factors, to impose a sentence that is sufficient but not greater than necessary to satisfy the purposes of sentencing set forth in sub-section (a)(2). Although the guidelines remain an important factor in making this determination, see Gall v. United States, 128 S. Ct. 586, 596 (2007), the court may not presume that the guideline sentence is the correct one, Rita v. United States, 127 S. Ct. 2456, 2465 (2007). The court must make an independent determination of what sentence is sufficient but not greater than necessary under § 3553(a), considering any non-frivolous arguments presented by the parties. See, e.g., United States v. Miranda, 505 F.3d 785, 791-92 (7th Cir. 2007).

### III.

Defendant, a Chicago resident, supplied cocaine to Jimmie Durant, a large-scale Milwaukee-area dealer, who in turn distributed it to lower level dealers and users. According

2

to Durant, defendant provided him with multi-kilo quantities twice per month for over a year. As noted above, the offense involved more than 50 kg total, and it appeared that defendant earned significant profits from his activities.

Defendant's character was otherwise mostly positive. At thirty-nine years old, he had a minimal record consisting of a criminal damage to property case from 1988, when he was just nineteen; a firearm registration charge from 1991, for which he received a sentence of one year court supervision; and a 2003 unlawful use of a weapon charge, which involved him firing a gun on New Year's Eve and for which he received a sentence of one year probation. He had only 1 criminal history point under the guidelines, and thus qualified for the safety valve.

Defendant was paralyzed from the waist down and confined to a wheelchair as a result of a shooting in 1993. He had not worked since then and received disability. Before that he worked in his mother's McDonald's franchise. His family and girlfriend remained supportive. He appeared to have no substance abuse problems. As he admitted, the offense could be explained only by greed. However, he fully accepted responsibility and attempted to cooperate with the government.

The guidelines called for a term of 108-135 months, but defendant requested a lower sentence on three grounds. First, he asked for a departure based on the conditions of his pre-trial confinement and resulting health problems. The Seventh Circuit has not decided whether such conditions may form the basis for a reduced sentence, see, e.g., United States v. Campos, No. 07-1561, 2008 WL 4059790, at *14 (7th Cir. Sept. 3, 2008), but I have assumed that they can. However, defendant failed to supply a sufficient basis for such a reduction here. He provided some medical records, which discussed body sores, but it was not clear from those records how serious the problem was or what the exact cause was. An August 22, 2007

3

treatment note referred to four small, previously open wounds now fully closed. According to a November 8, 2007 note, his attendance in physical therapy was poor – he missed four out of nine appointments – which suggested that the problem was not so severe. In any event, defendant failed to clearly link the problem to the conditions of confinement. Further, he was detained in a local jail for less than two months after his arrest and before he made bail in this case, far less than in the cases where this factor has been given consideration. See Campos, 2008 WL 4059790, at *14 (citing United States v. Pressley, 345 F.3d 1205, 1219 (11th Cir. 2003); United States v. Carty, 264 F.3d 191, 193 (2d Cir. 2001)). Therefore, I saw no basis for a departure or reduction under § 3553(a) on this ground.

Second, defendant discussed his health problems and questioned whether the Bureau of Prisons ("BOP") could address them. He noted that in his home his girlfriend provided care on a one-on-one basis, which would not be available in prison. I recommended that the BOP place defendant in a medical facility, which in my experience could deal with someone with defendant's disability. See United States v. Taylor, No. 03-CR-194, 2006 U.S. Dist. LEXIS 59808, at *7-8 (E.D. Wis. Aug. 22, 2006). Such a facility would not be like the locals jails defendant was confined in after his arrest. While I acknowledged that defendant would not in prison receive the same attention he got at home, he presented no evidence that the BOP could not provide adequate medical care.

Third, defendant noted his minimal criminal history. However, that factor was accounted for by the guidelines, with his placement in category I and his qualification for the safety valve. He stated that he lived in a modest home in a poor suburb of Chicago, but it also appeared that he made a considerable profit from his drug activities, so I gave this factor minimal weight.

Under all of the circumstances, I found a sentence slightly below the range sufficient but

4

not greater than necessary.  Although I declined to lower the sentence based on a belief that the BOP could not handle defendant's condition, I did find that his disability made him somewhat less of a danger to the public than the typical drug offender.  I also noted the lack of any violence in his record, and the strong family support he enjoyed, which would likely help in his reintegration into the community after his release.  I received letters from two of his cousins, which described him as a good person.  I also considered his efforts to cooperate with the government.

## IV.

For these reasons, I committed defendant to the custody of the Bureau of Prisons for 88 months.  This sentence accounted for the mitigating factors discussed above, while still providing a sufficient measure of punishment and deterrence.  The sentence varied from the guidelines by only about 2 levels and was based on the particular facts of the case discussed herein, so it created no unwarranted disparity.  I recommended that defendant be placed at FMC-Rochester to ensure that he received adequate treatment.  Upon release, I ordered him to serve three years of supervised release, the conditions of which appear in the judgment.

Dated at Milwaukee, Wisconsin, this 30th day of September, 2008.


/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

5